IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF MC MARINE, LLC ) | |
| AS OWNER OF THE LITTLE G FOR ) | CIVIL ACTION NO. 23-0347-WS-M |
| EXONERATION FROM OR LIMITATION ) | |
| OF LIABILITY ) | |
| | |
| IN THE MATTER OF JORDAN PILE ) | |
| DRIVING, INC., AS OWNER OF THE ) | |
| JI II AKA JI TWO FOR  EXONERATION ) | CIVIL ACTION NO. 24-0140-WS-M |
| FROM OR LIMITATION OF LIABILITY ) | |

**ORDER**

The plaintiff in the second listed case has filed a motion to consolidate these two cases. (Doc. 4).  Both plaintiffs seek exoneration from, or limitation of, liability arising from the same maritime incident, and the claimants and potential claimants appear to be identical.  The plaintiff in the first listed case does not oppose consolidation.  (Doc. 4-2 at 2).  Two claimants in the first listed case do not oppose consolidation.  (*Id*. at 3).  The third claimant does not oppose consolidation for the purpose of pretrial matters but proposes that a decision on consolidation for trail be deferred until the final pretrial conference.  (*Id*. at 2).

A district court has authority to order consolidation of multiple actions if they "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  These actions easily meet that requirement.

Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court."  *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted).  In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the Court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding

with separate lawsuits if they are not consolidated.  *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).  "District courts in this circuit have been urged to make good use of Rule 42(a) … in order to expedite the trial and eliminate unnecessary repetition and confusion."  *Young*, 59 F.3d at 1169 (internal quotes omitted).  These considerations, as applied to the posture and allegations of these lawsuits, persuade the Court to exercise its discretion in favor of consolidation.

Accordingly, the motion to consolidate is **granted**.  To effectuate consolidation, the Clerk is directed to extract documents 1-4 in Civil Action No. 24-0140-WS-M and to make those documents a part of the Court file in Civil Action No. 23-0347-WS-M.  Furthermore, the Court finds there is no reason to maintain the latter-filed action as an open file, and the Clerk is thus directed to statistically close Civil Action No. 24-0140-WS-M.  The parties are **ordered** not to include the caption of Civil Action No. 24-0140-WS-M in any future filings and not to file any documents in that action.  Rather, all future filings are to be made exclusively in, and with the style of, Civil Action No. 23-0347-WS-M.  Should any party seek a separate trial, it may move for such relief, pursuant to Rule 42(b), at an appropriate time.

DONE and ORDERED this 22nd day of May, 2024.

                                        s/ WILLIAM H. STEELE
                                        UNITED STATES DISTRICT JUDGE